IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**EDWIN WASHINGTON,**

    **Plaintiff,**

**vs.**                                                        **5:08CV177-RS/AK**

**C. PRANNON, et al,**

    **Defendants .**

    _____/

**O R D E R**

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 5).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff complains that he received a disciplinary report unfairly and in retaliation for filing complaints against Sgt. Merritt (not a named defendant) for denying him meals. Plaintiff alleges that he was denied due process and a fair hearing, which resulted in disciplinary segregation. The only specific allegation he

makes about the procedural aspect of the hearing, is that he was denied a "witness," i.e. a camera. He does not explain the retaliation claim.

To state a retaliation claim, a plaintiff must establish three elements: (1) that his speech or act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) that there is a causal connection between the retaliatory actions and the adverse affect. Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). The Eleventh Circuit has adopted an objective test as the standard for determining whether there has been an adverse affect.[1] Id., at 1251. Under this analysis "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." Id., at 1250, *quoting* Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474 (4th Cir. 2005). This test is applicable to prisoners' claims of retaliation as well. Bennett, *supra* at 1253, n.6. Plaintiff does not provide any facts about his complaints regarding a denial of meals or how these defendants conduct of "retaliation" was connected to the complaints Plaintiff allegedly made against Merritt, who is not a defendant.

Further, imposition of disciplinary confinement is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and therefore, does not implicate a protected liberty interest. Sandin v. Conner, 515 U.S. 472, 484-486 (1995).

---

[1] A minority of circuits apply a subjective test under which the Plaintiffs have to show that they were actually chilled in the exercise of their First Amendment rights, but the Eleventh Circuit specifically declined to adopt this standard in favor of the majority view. Bennett, *supra* at 1251.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the Court held that where success in a section 1983 damages action would necessarily challenge the validity of a conviction or sentence that could result in an earlier release from confinement, such lawsuit would be barred unless there was first proof that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of writ of habeas corpus.

In Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997) this bar was extended to prison administrative procedures when the action taken affected good time credits, which in turn affected the duration of the prisoner's confinement.

Until the holding in Muhammad v. Close, 540 U.S. 749 (2004), there was a split among the Circuits as to the applicability of Heck, *i.e.* whether the favorable termination requirement of Heck bars all damage suits challenging prison disciplinary proceedings, and the Supreme Court held that it does not bar section 1983 suits that go neither to the fact of the conviction/disciplinary decision or the duration of the overall confinement. The Eleventh Circuit had interpreted Balisok to allow claims challenging a disciplinary proceeding that were "purely procedural, as in Wolff...." Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003). See also Jenkins v. Haubert, 179 F.3d 19, 27 (2nd Cir. 1999) (damages sought relative to a disciplinary sanction that does not affect length of confinement may be brought by 1983 suit); Leamer v. Fauver, 288 F.3d 532 (3rd Cir. 2002) (same); DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000); Brown v. Plaut, 131 F.3d 163 (D.C. Cir. 1997).

.       It appears from the exhibits attached to the complaint that Plaintiff did not lose gain time, he received 20 days confinement.

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974); Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

Plaintiff raises the third issue regarding evidence contending that he was not allowed evidence, i.e. a camera.  He does not explain whether he means that a camera actually recorded what took place in his cell and he was denied this video or that he should have had a camera recording what took place in his cell.  The Supreme Court has held that a disciplinary decision need only be supported by "some evidence." Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445 (1985). Although this holding was made in the context of a disciplinary sanction involving the revocation of good time credits and the liberty interest attendant thereto, the Eleventh Circuit has applied this evidentiary standard to disciplinary proceedings not involving the loss of good time credits.  See Williams v. Fountain, 77 F.3d 372 (11th Cir. 1996) (one year of solitary confinement "assume[d]" to be liberty deprivation); Young v. Jones, 37 F.3d 1457 (11th Cir. 1994) (45 days confinement, loss of privileges).

Pursuant to Hill, the requirement of "some evidence" does not require that the reviewing court examine the entire record, make an independent assessment of the credibility of witnesses or weigh the evidence; instead, the relevant question is whether

there was any evidence in the record that could support the conclusion of the disciplinary team.  <u>Hill</u>, *supra* at 455-456; <u>Williams</u>, *supra* at 375; <u>Young</u>, *supra* at 1459.  The basis for the DR is the reporting officers finding (a torn window blind) and Plaintiff's own statement when questioned, which implied that he indeed tore it down.  These facts, without more, do not state a claim for relief.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D.

Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **October 24, 2008.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this  *7th*  day of October, 2008.

          *s/ A. KORNBLUM*
          **ALLAN KORNBLUM**
          **UNITED STATES MAGISTRATE JUDGE**