IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWIN F WASHINGTON,

    Plaintiff,

v.                                                                              CASE NO. 5:08-cv-177-RS-GRJ

C PRANNON, et al,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Edwin Fulbright Washington, Florida Department of Corrections (DOC) inmate number 625867, initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983. The Court granted Plaintiff leave to proceed as a pauper (Doc. 5), and directed him to file an amended complaint (Doc. 9). Despite being afforded multiple opportunities to comply and being warned that failure to comply by February 4, 2011, would result in a recommendation that this case be dismissed, Plaintiff has failed to file an amended complaint. See Docs. 22, 28, and 31.

Further, a review of Plaintiff's previous federal cases establishes that he should not have been granted leave to proceed as a pauper because at the time he filed this case he was subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] Accordingly,

---

[1] *See, e.g., Washington v. McDonough*, Case No. 5:08-cv-38-SPM/EMT (N.D. Fla. 9/12/08) (imposing three-strikes bar and citing previous strikes incurred by Plaintiff). All of the previous strikes cited *Washington v. McDonough* were incurred before Plaintiff filed the instant complaint. The Court has independently confirmed

Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Even liberally construed, the Complaint makes no allegation that Plaintiff is under imminent danger of serious physical injury. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.2002).

In light of the foregoing, it is **ORDERED** that the order granting Plaintiff leave to proceed as a pauper, Doc. 5, is **VACATED.**   It is respectfully **RECOMMENDED**:

That this case be **DISMISSED** pursuant to 28 U.S.C § 1915(g), for failure to comply with an order of the Court, and for failure to prosecute.

**IN CHAMBERS** this 22nd day of April 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

---

Plaintiff's strikes.

*Case No: 5:08-cv-177-RS-GRJ*